Dent vs. McGrath.

CASE 54—PETITION ORDINARY—FEBRUARY 1.

# Dent vs. McGrath.

### APPEAL FROM FLEMING CIRCUIT COURT.

1. The answer not controverting the allegations as to the want of title in Wilson and the owner's recaption of the stolen buggy, there was no necessity for a judicial eviction.

2. An auctioneer's assurance to bidders that "he knew Wilson well (who was having the buggy sold), and he was all right, and he (auctioneer) would warrant that his title was good," amounts to a warranty. The buggy having been stolen by Wilson, such assurances by the auctioneer were constructively, if not actually, fraudulent. They might be deemed actually fraudulent, as made to increase his fees, which was a valuable consideration to him for either his warranty or misrepresentation.

3. False affirmations, tinged with actual fraud *malo animo,* are excepted from the operation of the statute ( *Warren vs. Barker & Co.,* 2 *Duvall,* 156), and should always be actionable without written evidence.

W. H. CORD,                                        For Appellant,
                         CITED—

2 *Duvall,* 156 ; *Warren vs. Barker & Co.*

1 *Metcalfe,* 571 ; *Tipton vs. Triplett.*

*Revised Statutes, chapter* 22, 1 *Stanton,* 264.

3 *Marshall,* 448 ; 15 *B. Mon.,* 445.

8 *B. Mon.,* 422 ; 3 *Mon.,* 44.

*Massachusetts Revision, p,* 472.

*Virginia Revision, p.* 579.

4 *Monroe,* 9 ; *Waggener vs. Bells.*

6 *B. Mon.,* 473 ; 3 *J. J. Mar.,* 490.

D. K. WEIS,                                        For Appellee,
                         CITED—

2 *Kent, page* 536.

5 *Gill & Johnson,* 110 ; *Hyatt vs. Boyle.*

2 *Duvall,* 156 ; *Warren vs. Barker, &c.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellant, as auctioneer, sold to the appellee, as highest bidder, a buggy as the property of one Wilson. The persons present at the sale, distrustful of the title of Wilson, who was a non-resident stranger, seeming reluctant to bid, the appellant, to inspire confidence and procure a good price, announced that "*he knew Wilson well, and he was all right, and he (auctioneer) would warrant that his title was good.*"

That assurance stimulated bidding, and seems to have induced the appellee to buy the buggy, and afterwards to sell it in good faith to one Jones, from whom it was subsequently taken by a citizen of Indiana, who satisfied him that it was his property, and had been stolen from his stable by Wilson, afterwards a convict in the Ohio penitentiary.

The appellee having reimbursed Jones, brought this action against the appellant for damages resulting from his false representation and assurance, and recovered a judgment for the amount he had paid and interest.

The answer not controverting the allegations as to the want of title in Wilson and the owner's recaption, there was no necessity for a judicial eviction; and the whole case depends on the question whether the appellant is legally liable for his false and delusive assurances.

Those positive and unqualified affirmations amounted to a warranty, and were also constructively, if not actually, fraudulent; and it seems to us that they might be deemed actually fraudulent, as made to increase the appellant's fee, which was a valuable consideration to him for either his warranty or misrepresentation.

The 1*st section of chapter* 22, *page* 264, *Stanton's Revised Statutes*, is relied on as a bar. That section is not applicable to this case. It only provides that "no action shall

be brought to charge any person for a representation or assurance concerning the character, conduct, credit, ability, trade, or dealings of another made with intent that such other may obtain thereby credit, money, or goods "— " unless the representation " or " assurance be in writing."

The representation in this case was made, not to enable Wilson to obtain credit, or goods, or money, in the sense of the statute, for his own sole benefit: it was made more for the benefit of the appellant himself.

In the case of *Warren vs. Barker & Co.*, *2d Duvall*, 156, the court excepted from the operation of the statute false affirmations, tinged with actual fraud *malo animo*, which should always be actionable without written evidence.

We are, therefore, of the opinion, that there being a binding consideration to the appellant, and the court, moreover, having a right to infer actual fraud in his false assurances, and the statute not applying to the facts proved, the judgment ought not to be reversed, but should be, as it hereby is, affirmed.